**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>$60,141 in United States Currency,<br><br>    Defendant,<br><br>Jon Aaron Montoya,<br><br>    Claimant. | 3:24-CV-480-ART-CSD<br><br>**ORDER GRANTING**<br><br>**Stipulation between Jon Aaron Montoya, Claimant, and the United States of America, to dismiss this case with prejudice, and Order** |

  The United States and Jon Aaron Montoya, Claimant, through his counsel, Lisa A. Rasmussen, McLetchie Law, and Stephen Gerald Gray, stipulate as follows:

  1. Jon Aaron Montoya believes he can win his motion to dismiss. The government believes it can prevail in the denial of the motion to dismiss. For reasons other than the motion to dismiss, the parties knowingly and voluntarily agree to resolve the forfeiture to void further litigation. Rather than expend the parties', their lawyers', and this Court's additional resources and time, Mr. Montoya and the government knowingly and voluntarily agree to dismiss this case with prejudice. Mr. Montoya and the government knowingly and voluntarily agree the government will return the $60,141 with interest as calculated by DEA with proof of the interest and the calculation.[1]

---

[1] *United States v. Carvajal*, 521 F.3d 1242, 1244-45 (9th Cir. 2008) (quoting and citing *United States v. $277,000 U.S. Currency,* 69 F.3d 1491, 1496-98 (9th Cir. 1995).

      2. Mr. Montoya knowingly and voluntarily agrees to fill out the Department of the United States Treasury Automated Clearing House (ACH) form accurately and correctly and submit it to the United States Attorney's Office so the payment occurs by electronic fund transfer.

      3. Mr. Montoya knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made under this Stipulation, they will receive a notification from the Department of the United States Treasury at the last address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this Stipulation do not affect the tax obligations fines, penalties, or any other monetary obligations owed to the United States or an individual state; and (e) the exact sum delivered to Lisa Rasmussen, on his behalf, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

      4. Mr. Montoya knowingly and voluntarily understands and agrees the $60,141 with interest may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

      5. Mr. Montoya knowingly and voluntarily understands and agrees that after the United States District Court has signed the Stipulation concerning the $60,141 with interest, within a practicable time thereafter for the United States, the United States agrees to release to Mr. Montoya one payment of $60,141 with interest less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, through Lisa A. Rasmussen's IOLTA account**.**

      6. Mr. Montoya and the government knowingly and voluntarily understand and agree (1) each party will bear its own attorneys' fees, costs, and expenses; (2) dismissing this

case is not a considered as substantially prevailing under 28 U.S.C. § 2465(b)(1); and (3) reasonable cause existed for the seizure and arrest of the $60,141. Instead, Mr. Montoya and the government knowingly and voluntarily understand and agree this case is dismissed for other reasons.

7. Mr. Montoya knowingly and voluntarily understands and agrees to waive his rights to pursue this civil forfeiture case with district court judge or jury.

8. Mr. Montoya knowingly and voluntarily understands and agrees to waive service of process but will receive service of process of any filed document through CM/ECF as long as his counsel remains on this case.

9. Mr. Montoya knowingly and voluntarily understands and agrees to waive any further notice to him, his agents, or his attorneys regarding the $60,141 with interest.

10. Mr. Montoya knowingly and voluntarily understands and agrees not to file any other documents in this case or any other case or proceeding concerning the $60,141 with interest.

11. Mr. Montoya knowingly and voluntarily understands and agrees to withdraw his verified claim filed in this case concerning the $60,141 when this Court grants this Stipulation.

12. Mr. Montoya knowingly and voluntarily understands and agrees to waive all constitutional, statutory, legal, equitable rights, defenses, and claims including, but not limited to, seizing the $60,141 in any proceedings under the United States Constitution, Fourth Amendment.

13. Mr. Montoya knowingly and voluntarily understands and agrees to waive the statute of limitations; the CAFRA requirements; the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rule of Civil Procedure, (Supp. R.) A, G; other Federal Rules of Civil Procedure that are not inconsistent with the Supp. Rules;[2] including, but not limited to, the seizing of, and bringing the civil forfeiture in rem action against, the $60,141; service of process; the filing of a verified complaint; the filing of

---

[2] Supp. R. A(1)-(2); Supp. R. G.

a verified claim that provided Mr. Montoya's identity and relationship to the $60,141 under penalty of perjury; the Special Interrogatories; this Court holding hearings, a bench trial or jury trial; this Court making factual findings; and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding seizing, and bringing the civil forfeiture in rem action against, the $60,141 in any proceedings, including, but not limited to, double jeopardy and due process under the United States Constitution, Fifth Amendment.

14. Mr. Montoya knowingly and voluntarily understands and agrees to waive any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding seizing, and bringing the civil forfeiture in rem action against, the $60,141 in any proceedings, including, but not limited to, a jury trial under the United States Constitution, Sixth Amendment.

15. Mr. Montoya knowingly and voluntarily understands and agrees to waive any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the seizing of, and bringing the civil forfeiture in rem action against, the $60,141 in any proceedings, including, but not limited to, excessive fines and cruel and unusual punishments under the United States Constitution, Eighth Amendment.

16. Mr. Montoya knowingly and voluntarily understands and agrees to the conditions in this Stipulation.

17. Mr. Montoya knowingly and voluntarily understands and agrees to waive any rights to appeal this case.

18. Mr. Montoya knowingly and voluntarily understands and agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, the Washoe County Sheriff's Office, Washoe County, their agencies, their agents, and their employees from any claim made by him or any third party arising from the facts and circumstances of this case regarding the $60,141.

19. Mr. Montoya knowingly and voluntarily understands and agrees to release and forever discharge the United States, the United States Department of Justice, the United

States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, the Washoe County Sheriff's Office, Washoe County, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Mr. Montoya now has or may hereafter have on account of, or in any way growing out of the $60,141.

20. This Stipulation contains the entire agreement between the parties.

21. Except as expressly stated in this Stipulation, no party, entity, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, entity, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

22. Each party acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

23. The persons and entities signing this Stipulation warrant and represent that they have full authority to execute this Stipulation and to bind the entity and person on whose behalf they are signing to the terms of this Stipulation.

24. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Northern Division of the United States District Court for the District of Nevada, located in Reno, Nevada.

25. Each party shall bear his own attorneys' fees, expenses, and costs. The discretionary dismissal and termination of this forfeiture case shall not be a basis for an award of attorneys' fees, expenses, and costs.

26. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /

/ / /

27. The parties agree knowingly and voluntarily they may sign this Stipulation in one or more counterparts in electronic or facsimile copies of the Stipulation that will be considered as a legal original and the signatures will be legal and binding.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable and probable cause for the seizing of, and bringing the civil forfeiture in rem action against, the $60,141.

Dated: /s/ May 15, 2025

/s/ stephen gerald gray
STEPHEN GERALD GRAY,
Attorney for John Aaron Montoya,
Claimant,

Dated: /s/ May 15, 2025

_____
Jon Aaron Montoya

Dated: May 15, 2025
MCLETCHIE LAW

_____
LISA A. RASMUSSEN, Attorney
for John Aaron Montoya,
Claimant,

Dated: May 15, 2025

_____
SIGAL CHATTAH
United States Attorney

_____
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

## ORDER

It is ordered that the parties' Stipulation between Jon Aaron Montoya, Claimant, and the United States of America, to dismiss this case with prejudice is granted. The Clerk of Court is directed to close this case.

_____
Anne R. Traum
United States District Judge

DATED: May 16, 2025

6